UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOWARD FLOREY INSTITUTE<br>University of Melbourne<br>Parkville, Victoria<br>Australia, 3010<br><br>BAKER MEDICAL RESEARCH INSTITUTE<br>75 Commercial Rd. Melbourne, Victoria 3004<br>Melbourne, Victoria<br>Australia, 8008<br><br>CHRISHAN SURENDRAN SAMUEL<br>7 Peartree Way<br>Glen Waverley, Victoria<br>Australia, 3150<br><br>ROSS DAVID ALEXANDER BATHGATE<br>1/32 Wallace Street<br>Brunswick West, Victoria<br>Australia, 3055<br><br>GEOFFREY WILLIAM TREGEAR<br>62 Hawthorn Grove<br>Hawthorn, Victoria<br>Australia, 3122<br><br>XIAO-JUN DU<br>5/35 MacGowan Avenue<br>Glen Huntly, Victoria<br>Australia, 3163<br><br>    Plaintiffs,<br><br>v.<br><br>JONATHAN W. DUDAS, Under Secretary<br>of Commerce and Director of the<br>United States Patents and Trademark Office<br>c/o Office of the General Counsel<br>United States Patent and Trademark Office<br>Madison Building East, Room 10B20<br>600 Dulany Street<br>Alexandria, Virginia 22314<br>    Defendant. | Civil Action No.: 07-cv-00545 (RCL) |

### UNOPPOSED MOTION OF PLAINTIFFS HOWARD FLOREY INSTITUTE, ET AL., TO TRANSFER THIS ACTION TO THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION

Pursuant to 28 U.S.C. § 1404, Plaintiffs Howard Florey Institute, et al. ("Howard Florey Institute"), respectfully move this court to transfer the instant action to the Eastern District of Virginia, Alexandria Division for the convenience of the parties and witnesses and in the interest of justice.

This motion is based on this Motion to Transfer Venue, the accompanying Memorandum in Support of Motion to Transfer Venue, the pleadings and other documents on file in this action, and any further evidence and argument as this Court may permit to be presented.

May 21, 2007

Respectfully submitted,

_____
Louis S. Mastriani
Michael G. McManus
ADDUCI, MASTRIANI &
   SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, D.C. 20036

Madison C. Jellins
TOWNSEND, TOWNSEND & CREW, L.L.P.
379 Lytton Avenue
Palo Alto, CA 94301

*Counsel for Defendants Howard Florey Institute, et al.*

HFI700107

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOWARD FLOREY INSTITUTE<br>University of Melbourne<br>Parkville, Victoria<br>Australia, 3010<br><br>BAKER MEDICAL RESEARCH INSTITUTE<br>75 Commercial Rd. Melbourne, Victoria 3004<br>Melbourne, Victoria<br>Australia, 8008<br><br>CHRISHAN SURENDRAN SAMUEL<br>7 Peartree Way<br>Glen Waverley, Victoria<br>Australia, 3150<br><br>ROSS DAVID ALEXANDER BATHGATE<br>1/32 Wallace Street<br>Brunswick West, Victoria<br>Australia, 3055<br><br>GEOFFREY WILLIAM TREGEAR<br>62 Hawthorn Grove<br>Hawthorn, Victoria<br>Australia, 3122<br><br>XIAO-JUN DU<br>5/35 MacGowan Avenue<br>Glen Huntly, Victoria<br>Australia, 3163<br><br>                  Plaintiffs,<br>v.<br><br>JONATHAN W. DUDAS, Under Secretary<br>of Commerce and Director of the<br>United States Patents and Trademark Office<br>c/o Office of the General Counsel<br>United States Patent and Trademark Office<br>Madison Building East, Room 10B20<br>600 Dulany Street<br>Alexandria, Virginia 22314<br>                  Defendant. | Civil Action No.:  07-cv-00545 (RCL) |

**MEMORANDUM IN SUPPORT OF THE UNOPPOSED MOTION OF PLAINTIFFS
HOWARD FLOREY INSTITUTE, ET AL. TO TRANSFER THIS
<u>ACTION TO THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION</u>**

## **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF MATERIAL FACTS ............................................................................... 1

        1. Plaintiffs Howard Florey Institute are medical and research institutes and individuals located in Australia. (Complaint ¶¶ 2-7.) ................................................................................................................ 1

        2. Defendant Jonathon W. Dudas, Under Secretary of Commerce and Director of the United States PTO, is a legal resident of the Eastern District of Virginia. (Complaint ¶ 8.) ................................................................................................... 2

        3. Plaintiffs filed the instant action in the U.S. District Court for the District of Columbia on March 19, 2007. ...................................... 2

III. ARGUMENT AND AUTHORITIES.................................................................................... 2

    A. Applicable Standard.................................................................................................. 2

    B. Transfer Is in the Interest of Justice and Would Serve the Convenience of the Parties and the Witnesses...................................................... 2

        1. The Convenience of the Parties and the Interest of Justice Weigh in Favor of Transfer.............................................................................. 3

        2. The Convenience of Material Witnesses, the Cost of Obtaining the Presence of Witnesses, and the Relative Ease of Access to Sources of Proof Each Weigh in Favor of Transfer ................................................................................................................ 5

        3. The Availability of Process to Compel the Presence of Unwilling Witnesses Weighs in Favor of Transfer..................................... 5

        4. Calendar Congestion Weighs in Favor of Transfer .................................... 6

IV. CONCLUSION...................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Armco Steel Co. v. CSX Corp.*, 790 F. Supp. 311 (D.D.C. 1991) .................................................. 2

*DeLoach v. Philip Morris Cos., Inc.*, 132 F. Supp. 2d 22 (D.D.C. 2000) ................................ 2, 3

*Hoffer v. Infospace.com*, 102 F. Supp. 2d 556 (D.N.J. 2000) ......................................................... 3

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) ................................................................................ 4

**Statutes**

28 U.S.C. § 1391(e) ....................................................................................................................... 2

28 U.S.C. § 1404(a) ....................................................................................................................... 2

**Rules**

Fed. R. Civ. P. 45 ........................................................................................................................... 5

Fed. R. Civ. P. 45(b)(2) .................................................................................................................. 5

I.  **INTRODUCTION**

Plaintiffs Howard Florey Institute, et al. ("Howard Florey Institute"), an Australian medical and research institute with its principal place of business in Parkville, Victoria, Australia, filed the instant action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702-706. Howard Florey Institute is seeking judicial review of a final agency action, namely the Patent and Trademark Office's ("PTO's") decision to deny Plaintiffs' petition under 37 C.F.R. § 1.183 requesting that 37 C.F.R. § 1.10 be waived so that Plaintiffs may receive a filing date which precedes the date on which their application was mailed by one day.

Plaintiffs filed the instant action in the U.S. District Court for the District of Columbia based on the Court's jurisdiction over the subject matter pursuant to 5 U.S.C. § 702-706, 28 U.S.C. §§ 1338(a) and 1361. Although plaintiffs do not challenge this Court's jurisdiction to hear this case, counsel for plaintiffs and defendant have met and conferred and agreed that for the convenience of the parties and witnesses and in the interest of justice, venue is more appropriate in the Eastern District of Virginia, Alexandria Division. The events in issue, namely the decision of the PTO to deny plaintiffs' petition under 37 C.F.R. § 1.183, took place at the PTO, which is located in Alexandria, Virginia. Defendant and other PTO personnel that may be witnesses are legal residents of the Eastern District of Virginia, Alexandria Division. In view of these circumstances, plaintiffs respectfully file this Unopposed Motion to Transfer of the instant action to the Eastern District Virginia, Alexandria Division.

II.  **STATEMENT OF MATERIAL FACTS**

1. Plaintiffs Howard Florey Institute are medical and research institutes and individuals located in Australia. (Complaint ¶¶ 2-7.)

1

2. Defendant Jonathon W. Dudas, Under Secretary of Commerce and Director of the United States PTO, is a legal resident of the Eastern District of Virginia. (Complaint ¶ 8.)

3. Plaintiffs filed the instant action in the U.S. District Court for the District of Columbia on March 19, 2007.

### III. ARGUMENT AND AUTHORITIES

#### A. Applicable Standard

To prevail on a motion for transfer of venue, the movant has the burden of persuasion to demonstrate that a balancing of proper interests weigh in favor of the transfer. *Armco Steel Co. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991). As set forth below, this burden is met in this case.

#### B. Transfer Is in the Interest of Justice and Would Serve the Convenience of the Parties and the Witnesses

The statute concerning change of venue provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

In evaluating whether a transfer is warranted, a court first determines whether the action "might have been brought" in the district to which transfer is sought. *DeLoach v. Philip Morris Cos., Inc.*, 132 F. Supp. 2d 22, 24 (D.D.C. 2000). The instant matter satisfies this threshold. 28 U.S.C. § 1391(e) states

> "[A] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action."

Here, defendant Jonathan Dudas, Under Secretary of Commerce and Director of the PTO, is a legal resident of the Eastern District of Virginia. (Complaint ¶ 8.) Further, the events alleged in the Complaint, namely the PTO's decision to deny Plaintiff's petition under 37 C.F.R. § 1.183 requesting that 37 C.F.R. § 1.10 be waived, occurred at the PTO, which is located in Alexandria, Virginia. (Complaint ¶¶ 24-27.) Accordingly, it is clear that the instant action could have been filed in the Eastern District of Virginia, Alexandria Division.

If the court determines that the action might have been brought in the district to which transfer is sought, the court "next consider[s] the factors of convenience of the parties and witnesses and the interests of justice." *DeLoach*, 132 F. Supp. 2d at 24. Courts have noted that "[t]ransfer analysis under Section 1404(a) is a flexible and individualized analysis and must be made on the unique facts presented in each case." *Hoffer v. Infospace.com*, 102 F. Supp. 2d 556, 571 (D.N.J. 2000). In addition to the three factors enumerated in § 1404(a), *i.e.*, the convenience of the parties, the convenience of the witnesses, and the interest of justice, the court has considered: (1) ease of access to sources of proof, (2) the availability of compulsory process to compel the attendance of unwilling witnesses, (3) the amount of expense of unwilling witnesses, (4) the relative congestion of the calendars of potential transferee and transferor courts, and (5) other practical aspect[s] of expeditiously and conveniently conducting a trial. *DeLoach*, 132 F. Supp. 2d at 25. When properly weighed, these factors demonstrate that a transfer to the Eastern District of Virginia, Alexandria Division is appropriate.

    1.    **The Convenience of the Parties and the Interest of Justice Weigh in Favor of Transfer**

The purpose of Section 1404(a) "is to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense'."

3

*Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 27 (1960)). In this instance, there will be less expenditure of time, energy and money and the parties and witnesses will be protected from unnecessary inconvenience and expense if the action is transferred to the Eastern District of Virginia, Alexandria Division.

Although plaintiffs initially filed suit in the District Court for the District of Columbia, plaintiffs agreed to transfer venue as a result of its meet and confers with defendant's counsel. However, this agreement was conditioned on the case being transferred specifically to the Eastern District of Virginia, Alexandria Division. Transfer to any other division in the Eastern District would vitiate plaintiffs' intent to lessen the burden and cost of litigation to the defendants. It will be more convenient and cost effective for an agency located in Alexandria, Virginia to conduct legal proceedings in the Alexandria Division than in another division in the Eastern District. Transfer to another division in the Eastern District would also increase plaintiffs' own cost of litigation, result in an increase of time and energy and would unnecessarily inconvenience it by necessitating travel to remote locations that have no nexus to the instant action for legal proceedings.

Furthermore, the events leading to the instant action, namely the PTO's decision to deny Plaintiff's petition under 37 C.F.R. § 1.183 requesting that 37 C.F.R. § 1.10 be waived so that Plaintiffs could receive a filing date which precedes the date on which their application was mailed, occurred at the PTO, which is located in the Eastern District of Virginia. (Complaint ¶¶ 24-27.) Therefore, in light of plaintiffs' and defendant's joint preference, the interest of justice should lead this court to grant the plaintiffs' Unopposed Motion to Transfer Venue to the Eastern District of Virginia, Alexandria Division.

2.   **The Convenience of Material Witnesses, the Cost of Obtaining the Presence of Witnesses, and the Relative Ease of Access to Sources of Proof Each Weigh in Favor of Transfer**

The convenience of material witnesses, cost of obtaining the presence of witnesses and the ease of access to sources of proof, each weigh strongly in favor of transferring the action to the Eastern District of Virginia, Alexandria Division. As noted above, the defendant Jonathon W. Dudas, Under Secretary of Commerce and Director of the PTO, is a legal resident of the Eastern District of Virginia, Alexandria Division. Although not all material witnesses have been identified at this early stage in the proceeding, those witnesses will likely be PTO personnel who reside in the Alexandria Division. Similarly, virtually all documentary evidence and physical exhibits related to the PTO's decision will be found at the PTO. Therefore, the convenience of the parties and witnesses weighs in favor of transferring venue to the Eastern District of Virginia, Alexandria Division.

3.   **The Availability of Process to Compel the Presence of Unwilling Witnesses Weighs in Favor of Transfer**

The Federal Rules of Civil Procedure permit a party to compel the attendance of a witness at trial by subpoena. Fed. R. Civ. P. 45. In the case of witnesses located outside the district where the trial is to be conducted, however, the subpoena power does not extend more than one hundred (100) miles from the site of the trial. Fed. R. Civ. P. 45(b)(2). Since most witnesses to the case will be PTO personnel, if this ever becomes an issue, then such witnesses would be more likely to be within the subpoena power of the Eastern District of Virginia, Alexandria Division than any other division within the Eastern District or the District Court for the District of Columbia.

### 4. Calendar Congestion Weighs in Favor of Transfer

The docket for the Eastern District of Virginia is significantly less congested and has speedier resolution of cases than the District Court for the District of Columbia. In 2006, there were 4,114 cases pending in the District of Columbia with a median time from filing to trial of 37.0 months (See Exhibit A). In the Eastern District of Virginia in 2006, there were only 3,059 cases pending with a median time from filing of the complaint to trial of only 9.3 months. (*See* Exhibit B). Accordingly, this factor weighs in favor of transfer to the Eastern District of Virginia.

## IV. CONCLUSION

Application of the relevant factors makes it clear that transfer is in the interest of justice and would serve the convenience of the parties and the witnesses. Transfer is particularly apt where the parties have met and conferred to resolve this issue and have agreed that a proposed transferee venue is most convenient for the parties and in the overall interest of justice. Therefore, plaintiffs respectfully request this court to grant the Unopposed Motion to Transfer to the Eastern District of Virginia, Alexandria Division.

May 21, 2007

Respectfully submitted,

_____
Louis S. Mastriani
Michael G. McManus
ADDUCI, MASTRIANI &
   SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, D.C. 20036

Madison C. Jellins
TOWNSEND, TOWNSEND & CREW, L.L.P.
379 Lytton Avenue
Palo Alto, CA 94301

*Counsel for Defendants Howard Florey Institute, et al.*

HFI700007

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| DISTRICT OF COLUMBIA | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 2,947 | 3,383 | 3,121 | 3,461 | 3,382 | 3,377 | | |
| | Terminations | | 3,458 | 3,305 | 3,365 | 3,101 | 3,159 | 3,291 | | |
| | Pending | | 4,114 | 4,634 | 4,422 | 4,656 | 4,338 | 4,151 | | |
| | % Change in Total Filings | Over Last Year | -12.9 | | | | | | 84 | - |
| | | Over Earlier Years | | -5.6 | -14.9 | -12.9 | -12.7 | | 69 | - |
| | Number of Judgeships | | 15 | 15 | 15 | 15 | 15 | 15 | | |
| | Vacant Judgeship Months** | | .0 | .0 | .0 | 3.1 | 17.1 | 27.4 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 197 | 226 | 208 | 231 | 225 | 225 | 91 | - |
| | | Civil | 159 | 180 | 163 | 184 | 179 | 197 | 86 | - |
| | | Criminal Felony | 25 | 30 | 32 | 35 | 34 | 28 | 92 | - |
| | | Supervised Release Hearings** | 13 | 16 | 13 | 12 | 12 | - | 73 | - |
| | Pending Cases | | 274 | 309 | 295 | 310 | 289 | 277 | 80 | - |
| | Weighted Filings** | | 239 | 272 | 261 | 280 | 271 | 284 | 88 | - |
| | Terminations | | 231 | 220 | 224 | 207 | 211 | 219 | 88 | - |
| | Trials Completed | | 7 | 10 | 15 | 15 | 12 | 12 | 93 | - |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 14.4 | 12.9 | 12.8 | 10.2 | 9.6 | 7.7 | 90 | - |
| | | Civil** | 10.2 | 10.8 | 10.3 | 10.3 | 10.5 | 9.8 | 56 | - |
| | From Filing to Trial** (Civil Only) | | 37.0 | 35.0 | 27.4 | 25.0 | 29.0 | 24.0 | 74 | - |
| OTHER | Civil Cases Over 3 Years Old** | Number | 433 | 468 | 408 | 445 | 359 | 282 | | |
| | | Percentage | 15.1 | 14.1 | 12.8 | 12.7 | 11.1 | 8.6 | 83 | - |
| | Average Number of Felony Defendants Filed Per Case | | 1.4 | 1.5 | 1.5 | 1.3 | 1.4 | 1.3 | | |
| | Jurors | Avg. Present for Jury Selection | 70.60 | 86.63 | 75.49 | 85.69 | 93.32 | 69.99 | | |
| | | Percent Not Selected or Challenged | 47.2 | 53.6 | 50.4 | 56.6 | 55.7 | 51.9 | | |

| 2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 2382 | 22 | 35 | 491 | 28 | 21 | 135 | 228 | 209 | 42 | 514 | 61 | 596 |
| Criminal* | 367 | 1 | 106 | 12 | 63 | 78 | 20 | 10 | 2 | 13 | 5 | 26 | 31 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."



# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | VIRGINIA EASTERN | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 5,636 | 5,837 | 6,197 | 6,052 | 10,908 | 7,207 | | |
| | Terminations | | 5,623 | 6,195 | 5,950 | 6,014 | 10,209 | 7,183 | | |
| | Pending | | 3,059 | 3,077 | 3,507 | 3,465 | 3,505 | 2,954 | | |
| | % Change in Total Filings | Over Last Year | -3.5 | | | | | | 43 | 5 |
| | | Over Earlier Years | | -9.1 | -6.9 | -48.3 | -21.8 | | 88 | 9 |
| | Number of Judgeships | | 11 | 11 | 11 | 11 | 11 | 11 | | |
| | Vacant Judgeship Months** | | 9.0 | .0 | 4.5 | .0 | .0 | 9.5 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 513 | 531 | 564 | 550 | 991 | 655 | 22 | 1 |
| | | Civil | 354 | 369 | 409 | 394 | 843 | 552 | 37 | 2 |
| | | Criminal Felony | 112 | 118 | 115 | 126 | 122 | 103 | 15 | 2 |
| | | Supervised Release Hearings** | 47 | 44 | 40 | 30 | 26 | - | 9 | 1 |
| | Pending Cases | | 278 | 280 | 319 | 315 | 319 | 269 | 78 | 8 |
| | Weighted Filings** | | 474 | 518 | 544 | 558 | 634 | 566 | 37 | 2 |
| | Terminations | | 511 | 563 | 541 | 547 | 928 | 653 | 26 | 2 |
| | Trials Completed | | 34 | 25 | 31 | 32 | 31 | 36 | 7 | 2 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 5.4 | 5.1 | 5.1 | 5.1 | 4.7 | 5.1 | 7 | 1 |
| | | Civil** | 5.9 | 5.3 | 5.7 | 5.3 | 4.4 | 3.4 | 3 | 1 |
| | From Filing to Trial** (Civil Only) | | 9.3 | 9.4 | 9.2 | 8.0 | 9.0 | 9.9 | 1 | 1 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 240 | 101 | 13 | 58 | 24 | 89 | | |
| | | Percentage | 12.1 | 5.1 | .5 | 2.5 | 1.0 | 4.2 | 81 | 9 |
| | Average Number of Felony Defendants Filed Per Case | | 1.3 | 1.3 | 1.3 | 1.3 | 1.3 | 1.3 | | |
| | Jurors | Avg. Present for Jury Selection | 50.42 | 44.76 | 41.26 | 42.10 | 45.60 | 48.72 | | |
| | | Percent Not Selected or Challenged | 36.4 | 37.3 | 39.9 | 41.9 | 50.6 | 52.9 | | |

| 2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 3891 | 86 | 646 | 1325 | 34 | 21 | 224 | 385 | 254 | 159 | 371 | 3 | 383 |
| Criminal* | 1223 | 28 | 412 | 96 | 227 | 247 | 25 | 39 | 23 | 31 | 18 | 26 | 51 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HOWARD FLOREY INSTITUTE
University of Melbourne
Parkville, Victoria
Australia, 3010

BAKER MEDICAL RESEARCH INSTITUTE
75 Commercial Rd. Melbourne, Victoria 3004
Melbourne, Victoria
Australia, 8008

CHRISHAN SURENDRAN SAMUEL
7 Peartree Way
Glen Waverley, Victoria
Australia, 3150

ROSS DAVID ALEXANDER BATHGATE
1/32 Wallace Street
Brunswick West, Victoria
Australia, 3055

GEOFFREY WILLIAM TREGEAR
62 Hawthorn Grove
Hawthorn, Victoria
Australia, 3122

XIAO-JUN DU
5/35 MacGowan Avenue
Glen Huntly, Victoria
Australia, 3163

      Plaintiffs,

v.

JONATHAN W. DUDAS, Under Secretary
of Commerce and Director of the
United States Patents and Trademark Office
c/o Office of the General Counsel
United States Patent and Trademark Office
Madison Building East, Room 10B20
600 Dulany Street
Alexandria, Virginia 22314

      Defendant.

Civil Action No.:  07-cv-00545 (RCL)

## [PROPOSED] ORDER TRANSFERRING ACTION TO THE
## EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION

Pursuant to 28 U.S.C. § 1404, for the convenience of the parties and witnesses, and in the interest of justice, the above styled civil action is ordered transferred to the Eastern District of Virginia, Alexandria Division.

SO ORDERED.

DATED: _____, 2007    _____
                                Royce C. Lamberth

HFI700207